UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER MOON,
                Petitioner,

v.                                                    Case No. 2:12-CV-457
                                                      HON. R. ALLAN EDGAR

MITCH PERRY,
                Respondent.
_____/

## OPINION & ORDER

Petitioner filed this *pro se* § 2254 petition for writ of habeas corpus challenging the validity of his state court convictions. On August 4, 2010, Petitioner was convicted by a jury of two counts of manufacture of controlled substances involving hazardous waste (MICH. COMP. LAWS § 333.7401c(2)(c)), one count of possession of methamphetamine (§ 333.7403(2)(b)(i)), one count of resisting or obstructing a police officer (§ 750.81d(1)), and one count of maintaining premises for use or sale of controlled substances (§ 333.7405(d)). Petitioner was sentenced to concurrent terms of six to forty years for the two convictions of manufacturing a controlled substance involving hazardous waste, eighteen months to twenty years for possession, one to four years for resisting or obstructing, and one to four years for maintaining a drug house. Petitioner remains in the custody of the Michigan Department of Corrections.

After his conviction, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, claiming that there was insufficient evidence to convict Petitioner of any of the charges for which he was found guilty. This appeal was denied on December 20, 2011. Petitioner then filed an application for leave to appeal in the Michigan Supreme Court raising the same claim. However, this application was denied as well on September 24, 2012.

Petitioner did not appeal to the United States Supreme Court, but he did seek collateral review before the trial court through a motion for relief from judgment filed on November 14, 2012. Docket ## 11, 18, 20. According to the state docket sheet, as of May 2013, that case was still pending. *Id.* Petitioner filed a habeas petition in this Court on December 3, 2012. Docket # 1.

Petitioner maintains that his convictions were based in violations of his state and federal rights. Petitioner sets forth the following claim for relief:

> Was there was [sic] insufficient evidence proven by the prosecution beyond a reasonable doublt [sic] that the defendant committed the crimes of operating and maintaining a methamphetamine laboratory, possession of methamphetamine, resisting a police officer, and maintaining a drug house[?]

Docket # 1-1 at 1. Respondent subsequently filed an Answer in Opposition to Petitioner's request for a writ of habeas corpus. Docket # 9. Petitioner then filed a Response. Docket # 24. The matter is now ready for a decision.

I.

Petitioner filed this petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996. PUB. L. 104-132, 110 STAT. 1214 (AEDPA); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002) (noting that AEDPA prevents federal habeas "retrials" and ensures state convictions are made under state law). 28 U.S.C. § 2254(d) provides that any habeas application by a person in state custody shall not be granted in regards to any claim that has previously been adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the
State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

This Court may only consider "clearly established holdings" of the Supreme

Court, not lower federal courts, in analyzing a petitioner's claim under § 2254.  *Williams v.*

*Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  A

decision of the state court may only be overturned if: (1) it applies a rule contradicting Supreme

Court governing law, (2) it contradicts a set of facts materially indistinguishable from a Supreme

Court decision, (3) it unreasonably applies correct Supreme Court precedent to the facts of the

case, (4) it unreasonably extends Supreme Court legal principles where it should not apply, or (5)

it unreasonably refuses to extend Supreme Court legal principle where it should apply.  *Bailey*,

271 F.3d at 655; *see also Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable"

simply because that court decides, in its own judgment, that the relevant state decision applied

federal law incorrectly.  *Williams*, 529 U.S. at 410-11 (noting that it must instead determine if the

state court's application of clearly established federal law was "objectively unreasonable").  This

Court defers to state court decisions when the state court addressed the merits of petitioner's

claim.  *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000); *see Wiggins v. Smith*, 539 U.S. 510,

534 (2003) (allowing review of habeas application *de novo* when state court clearly did not reach

the question).  When applying AEDPA to state factual findings, factual issues by state courts are

presumed correct unless the petitioner rebuts the presumption with clear and convincing

evidence.  28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429.

-3-

After applying the standards under AEDPA to Petitioner's case, this Court concludes that Petitioner has not provided clear and convincing evidence that the state court improperly applied clearly established federal law to the facts of Petitioner's case.

## II.

Petitioner argues that this Court should grant him a writ of habeas corpus because there was insufficient evidence to have convicted him of any of the five crimes for which he was found guilty.  His main argument in support of this claim is that he was not in the state of Michigan during the commission of the crimes.  Consequently, he could not have committed any of the fives crimes for which he was convicted.

A § 2254 challenge to the sufficiency of the evidence is governed by the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." This standard of review recognizes the trier of fact's responsibility to resolve reasonable conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  *Id.*   Issues of credibility may not be reviewed by the habeas court under this standard.  *See Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).  Rather, the habeas court is required to examine the evidence supporting the conviction, in the light most favorable to the prosecution, with specific reference to the elements of the crime as established by state law. *Jackson*, 443 U.S. at 324 n.16; *Allen v. Redman*, 858 F.2d 1194, 1196-97 (6th Cir. 1988).

The *Jackson v. Virginia* standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable

inferences from basic facts to ultimate facts." *Id*. Moreover, because both the *Jackson* standard and AEDPA apply to Petitioner's claims, "'the law commands deference at two levels in this case: First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; second, deference should be given to the Michigan [trial court's] consideration of the trier-of-fact's verdict, as dictated by AEDPA.'" *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (quoting *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008)).

The Michigan Court of Appeals considered Petitioner's present claim under the standard outline above. The court subsequently denied his claim:

> Defendant's methamphetamine-related convictions arise from evidence of methamphetamine production and use collected in and around his mother's home on two separate dates. Defendant's resisting or obstructing conviction arises from an incident occurring on March 16, 2010, when defendant fled from Deputy McKenzie Kreiner despite being ordered by her to "stop."
>
> At trial the evidence established that police were initially called by defendant's mother to her home on March 5, 2010 to investigate a bag that defendant placed in a garbage container outside her home. The responding officers investigated the bag and discovered that it contained ingredients and equipment used for the production of methamphetamine. Samples collected from the bag tested positive for methamphetamine. On March 16, 2010, Kreiner attempted to apprehend defendant at an address in the vicinity of his mother's home, but defendant fled and escaped arrest. On March 22, 2010, defendant's mother called the police to investigate a fire in her home. During their investigation, officers conducted a search of a shed behind the home, where they discovered equipment and supplies used for methamphetamine production. Police also observed what appeared to be a gas generator or a one-pot lab in the windowsill of defendant's padlocked upstairs bedroom. A warrant to search the bedroom was obtained. During the search, officers located additional evidence of methamphetamine production and use, as well as coffee filters with residue on them that later tested positive for methamphetamine.

Defendant concedes the evidence admitted during trial was sufficient to prove that methamphetamine was produced and stored at his mother's home, and that an individual unlawfully fled from the police; however, he contends that the evidence at trial was insufficient to identify him as the perpetrator of the charged crimes. Specifically, defendant argues that Kreiner's testimony was not sufficient to identify him as the individual who obstructed because Kreiner inconsistently testified about the distance between herself and the individual who fled and about the date of the incident. Further, defendant argues that there was insufficient evidence identifying him as the person responsible for the items found in and around his mother's home and, as a result, insufficient evidence supporting his convictions for manufacture of a controlled substance, possession of methamphetamine, and maintaining premises for use or sale of methamphetamine.

We review claims of insufficient evidence de novo. *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001). The evidence is viewed in a light most favorable to the prosecution to determine whether a rational jury could find that the defendant was guilty beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). It is up to the finder of fact to make decisions about the credibility of witnesses and the probative value of evidence. *Id.* at 514-515.

Identity is an essential element of every criminal offense. *People v Oliphant*, 399 Mich 472, 489; 250 NW2d 443 (1976). As with all elements, "[i]dentity may be shown by either direct testimony or circumstantial evidence." *People v Kern*, 6 Mich App 406, 409; 149 NW2d 216 (1967). Circumstantial evidence and the reasonable inferences drawn therefrom may be sufficient to prove the elements of a crime. *People v Gayheart*, 285 Mich App 202, 216; 776 NW2d 330 (2009).

We find that there was sufficient evidence to support the jury's verdict in regard to each of defendant's convictions.

Regarding defendants' claim that the evidence did not support a finding that he was the person that resisted officer Kreiner by ignoring her command to "stop" and otherwise evading arrest, we conclude that Kreiner's testimony was sufficient to prove beyond a reasonable doubt that defendant is guilty of resisting or obstructing a police officer. A defendant is guilty of resisting or obstructing a

police officer if he "assaults, batters, wounds, resists, obstructs, opposes or endangers a [police officer] who [he] knows or has reason to know is performing his or her duties." MCL 750.81d(1). "Obstruct" is defined by the statute to include "a knowing failure to comply with a lawful command." MCL 750.81d(7)(a).

Kreiner testified that she was in a marked patrol car and wearing her uniform the day she attempted to make contact with an individual that she was sure was defendant. She was certain it was defendant because she was familiar with defendant. Kreiner testified that defendant fled when he saw her, and that she yelled "stop, police," and instructed defendant to "come out" multiple times. She pursued defendant on foot and in her patrol car but was unable to locate him that day. Viewing this evidence in a light most favorable to the prosecution, a rational trier of fact could have found defendant guilty beyond a reasonable doubt of resisting or obstructing a police officer. Further, we find defendant's argument that the evidence was insufficient because there were discrepancies in Kreiner's testimony regarding the date of the encounter and the distance between her and defendant unavailing because we view the evidence in the light most favorable to the prosecution and we must resolve all conflicts in favor of the prosecution. *People v Wilkens*, 267 Mich App 728, 738; 705 NW2d 728 (2005).

Next, we conclude that there was sufficient evidence to establish that defendant possessed the evidence seized from the garbage container, the shed, and defendant's bedroom that the prosecution relied upon to prove the elements of the two manufacture of controlled substances involving hazardous waste, the possession of methamphetamine, and the maintaining a premises for use or sale of methamphetamine charges.

A defendant is guilty of manufacture of a controlled substance when he "[o]wn[s] or possess[es] any chemical or any laboratory equipment that he . . . knows or has reason to know is to be used for the purpose of manufacturing a controlled substance . . . ." MCL 333.7401c(1)(b). The crime of possession of a controlled substance requires the knowing or intentional possession of the controlled substance. MCL 333.7403(1); *People v Pegenau*, 447 Mich 278, 292-293; 523 NW2d 325 (1994). Possession does not require that defendant have exclusive physical control over the substance; constructive possession and joint possession are sufficient. *People v McKinney*, 258 Mich App 157, 165-166; 670 NW2d 254 (2003). A

determination that defendant had possession requires a finding that he had a right of control over the substance while aware of the drug's presence and character. *Id.*

The evidence presented at trial established that defendant was holding the bag earlier on the same day that it was found in the garbage and searched. Further, a receipt in the bag had defendant's name printed on it. When viewed in the light most favorable to the prosecution, this evidence is sufficient to support the jury finding that defendant owned or possessed the contents of the bag, which included chemicals and equipment used to produce methamphetamine, as well as methamphetamine itself.

In regard to the items found in the bedroom, the evidence demonstrates that the bedroom was defendant's, that it was padlocked before the search, that only defendant and his girlfriend had keys to the padlock, and that papers in the room were addressed to defendant at the home. While defendant did not have a key to the front door of the home at the time the bedroom was searched, the evidence showed that the door to the home was only locked after 11:00 p.m. This allowed defendant access to the home. Further, although defendant's girlfriend testified that he was with her in another state, this was contradicted by the officer who testified that she attempted to apprehend defendant in the vicinity of his mother's home only six days before the police searched the shed outside the home and the bedroom. When viewed in the light most favorable to the prosecution, this evidence is sufficient to support a finding that defendant had access to and control over his bedroom and, consequently, constructive possession of its contents, including methapmhetamine residue and equipment commonly used to produce and use methamphetamine. Consequently, the evidence found in the bedroom was sufficient to support the jury's verdict convicting defendant of manufacture of controlled substances involving hazardous waste and possession of methamphetamine.

The remaining evidence introduced at trial was obtained from the shed behind the home. Equipment and supplies used for methamphetamine production were discovered in the shed. Testimony at trial established that, other than in defendant's bedroom and in the shed, no evidence of methamphetamine production was found anywhere else at the home. When viewed in the light most favorable to the prosecution, this information, as well as the evidence linking defendant to the material seized from the bedroom and the

trash bag, supports the conclusion that the chemicals and equipment found in the shed also belonged to defendant.

Further, the prosecution offered additional circumstantial evidence implicating defendant as the perpetrator of the charged crimes. Evidence was admitted demonstrating that defendant used methamphetamine for two years before his arrest. The evidence also showed that defendant purchased pseudoephedrine or ephedrine, essential ingredients for the production of methamphetamine, 13 times in three cities within the six months before his arrest. Accordingly, we conclude that there was sufficient evidence presented for a rational jury to find beyond a reasonable doubt that defendant was guilty of manufacture of controlled substances involving hazardous waste and possession of methamphetamine.

Defendant also challenges the evidence supporting his conviction of maintaining premises for use or sale of methamphetamine. Maintaining premises for use or sale is defined by MCL 333.7405(d) as "knowingly keep[ing] or maintain[ing] a . . . place, that is frequented by persons using controlled substances . . . for the purpose of using controlled substances, or that is used for keeping or selling controlled substances . . . ." This Court has held that hte phrase "keep or maintain" does not require a defendant to own or reside at the premises.  In *People v Griffin*, 235 Mich App 27, 32; 597 NW2d 176 (1999), overruled in part on other grounds *People v Thompson*, 477 Mich 146; 730 NW2d 708 (2007), this Court held that a defendant need only "exercise authority or control over the property for purposes of making it available for keeping or selling proscribed drugs . . . ." As previously discussed, sufficient evidence was presented to support a rational jury's finding that defendant exercised control over his bedroom and its contents and that defendant was responsible for the methamphetamine production at the home.

Accordingly, when viewed in the light most favorable to the prosecution, the evidence presented was sufficient to support the jury's verdict finding defendant guilty of the charged crimes beyond a reasonable doubt.

Docket # 21 at 1-4.  The Michigan Court of Appeals did not unreasonably apply federal law to

the facts of Petitioner's case, nor did it contradict a set of facts materially indistinguishable from

a Supreme Court decision.  As the appellate court noted, there are several pieces of evidence

-9-

from which a reasonable jury could conclude that Petitioner committed all five crimes.  As such, this Court affirms the findings of the Michigan Court of Appeals and denies Petitioner's sufficiency-of-the-evidence claim.

In the alternative, Petitioner claims that "the evidence used against him was obtained illegally, thereby making it insufficient which was a violation of his Fourth Amendment [right]."  Docket # 24 at 5.  It appears that Petitioner did not raise this argument in the trial court or in his direct appeal.  Rather, Petitioner raised an argument similar to this in his motion for relief from judgment.  Docket # 20 at 6.

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather v.*

*Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.  "[A] state may not be considered to have waived the defense of nonexhaustion unless it does so expressly and through counsel."  *Rockwell v. Yukins*, 217 F.3d 421, 423-24 (6th Cir. 2000).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  It appears as though Petitioner has at least one available procedure by which to raise the issues he has presented in this application.  He may likely file a motion for relief from judgment under M.C.R. 6.500 *et. seq*.  On November 14, 2012, Petitioner filed a motion for relief from judgment in the state court that appears to still be pending.  Docket # 20.  Therefore, the Court concludes that he has not exhausted his Fourth Amendment claim.

III.

If Petitioner should choose to appeal this action, this Court denies a certificate of appealability as to each issue raised by Petitioner in his application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

-11-

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." This Court concludes that reasonable jurists could not find that a dismissal of Petitioner's first claim for insufficient evidence was debatable or wrong. Therefore, the Court denies Petitioner a certificate of appealability as to this claim.

This Court also denies Petitioner's application on the procedural grounds of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court concludes that reasonable jurists could not debate that Petitioner's claim that the evidence in his case should have been suppressed due to an unsigned warrant was properly dismissed on the procedural grounds of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability as to his motion to suppress claim.

For the same reasons the Court dismissed this action, the Court will certify that any appeal of any of the claims before this Court by Petitioner from the Court's decision and judgment would be frivolous and not taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24. Therefore, any application by Petitioner for leave to proceed *in forma*

*pauperis* on appeal is hereby **DENIED**.

In summary, Petitioner's motion for post-conviction relief (Docket # 1) pursuant to 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE**.  A judgment consistent with this Opinion and Order will be entered.

**SO ORDERED**.


____/s/ R. Allan Edgar_____
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE

Dated: 9/8/2015

-13-